# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD J. TYNER, #230-815 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-09-2893 |
| OFFICE OF THE PUBLIC DEFENDER, JAMES S. SALKIN, *Esq.* | * | |
| HEATHER ASHBURY, *Esq.* | * | |
| and CAROL E. CHANCE, *Esq.* | * | |
| Defendants | | |
| | *** | |

## **MEMORANDUM**

The above-captioned case was filed on November 2, 2009, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion (Paper No. 2) will be granted.

Plaintiff alleges that defense attorneys provided to by the Office of the Public Defender during his criminal trial and post-conviction hearings were incompetent and ineffective. Paper No. 1. Plaintiff's trial took place in September 1992, and his post-conviction hearings took place in 1996. Plaintiff states he wishes to have the instant case for malpractice stayed while he concludes the appeal of his conviction with the Court of Special Appeals for Maryland.

A legal malpractice claim is not a federal claim. It involves state law and application of state standards of review. As such, this Court does not have jurisdiction to hear the claim unless the matter meets the standards for diversity jurisdiction.[1] All of the parties named in the instant

---

[1] Subject-matter jurisdiction is conferred upon federal courts over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between "citizens of different States." 28 U.S.C. §1332(a)(1).

case are residents of Maryland; therefore, this Court's diversity jurisdiction does not apply.[2]

To the extent that Plaintiff is claiming a constitutional violation in the context of his attorneys' representation, that claim must fail.  In order to state a constitutional claim, Plaintiff must allege that persons acting under the color of state law deprived him of a constitutionally guaranteed right.  See 42 U.S.C. §1983.  Public defenders do not act under color of state law when representing criminal defendants.  See Polk County v. Dodson, 454 U.S. 312, 453−54 (1981).  Thus there is no constitutional claim stated.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.   For the reasons stated, this case will be dismissed by separate Order.

November 10, 2009

/s/
_____
Benson Everett Legg
Chief Judge

---

[2] In any event it appears that Plaintiff's claims would be time-barred as the statute of limitations under Maryland law is three years from the date of occurrence.  See Md. Cts and Jud. Proc., §5-101.